# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA PITTSBURGH DIVISION

| | | |
|---|---|---|
| KEITH F. BELL, Ph.D. | : | |
| | : | Civil Action No. 2:18-cv-00399-NBF |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Nora Barry Fischer |
| | : | |
| | : | |
| MOON AREA SCHOOL DISTRICT and RONALD LEDBETTER, | : : | |
| | : | |
| Defendants. | : | |

## BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff, by his counsel, respectfully submits this Brief in Opposition to Defendants' Motion to Enforce Settlement Agreement and For Sanctions.

## SUMMARY OF ARGUMENT

Defendants have filed motion to enforce a putative settlement agreement; however, a binding settlement agreement requires a meeting of the minds as to all salient details. No such meeting of the minds took place. The focus of negotiations was on the dollar figure of a settlement, and once an agreement was reached as to that amount, Plaintiff agreed to cancel the mediation scheduled to take place in 3 business days and to draft a settlement agreement. In order to execute a binding agreement, Pennsylvania law requires that the parties have express authority to do so. In this matter, Plaintiff had not provided counsel with the authority to execute an agreement that lacked a confidentiality provision, and Defendants had not received approval from the School Board for the agreement. For these reasons, no settlement agreement was entered and there is no

settlement agreement to enforce. Further, while Defendants claim that the PA Right to Know Law ("RTKL") prohibits confidentiality clauses, Plaintiff proposed alternatives to Defendants which would ensure confidentiality while complying with the RTKL, which were rejected out of hand. The RTKL contains exceptions for court-ordered confidentiality which would be a part of a future settlement agreement. Plaintiff's ability to enforce his copyright and trademark interests against all other infringers of any of his works will be gravely and permanently harmed unless the Court rejects Defendants' Motion.

ARGUMENT

1. Legal Standard

It is well settled that a federal court has the inherent power to enforce and to consider challenges to settlements entered into in cases originally filed therein."[1] Fox v. Consolidated Rail Corp., 739 F.2d 929 (3rd Cir., 1984), citing Pearson v. Ecological Science Corp., 522 F.2d 171 (5th Cir.1975), cert. denied, 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976). "Under Pennsylvania law, the test for enforceability of an agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced." Channel Home Centers Div. of Grace Retail Corp. v. Grossman, 795 F.2d 291 (3rd Cir., 1986), citing Lombardo v. Gasparini Excavating Co., 385 Pa. 388, 393, 123 A.2d 663, 666; Linnet v. Hitchcock, 324 Pa.Super. 209, 214, 471 A.2d 537, 540. In Channel Home Centers, the letter of intent at issue was found to be binding because of its detailed terms

---

[1] Defendants cite California Sun Tanning USA, Inc. v. Electric Beach, Inc., 369 Fed.Appx. 340 (3rd. Cir. 2010) for the principle that the exchange of e-mails can form a binding settlement agreement. This is a non-precedential opinion and should not be relied upon by the Court.

2

and because there was consideration (the letter of intent from a large tenant could aid the landlord in obtaining financing, for example).

Additionally, "[w]here the parties have agreed on the essential terms of a contract, the fact that they intend to formalize their agreement in writing but have not yet done so does not prevent enforcement of such agreement." Mazzella v. Koken, 559 Pa. 216, 739 A.2d 531, 536 (1999) (citations omitted). "If all of the material terms of a bargain are agreed upon, the settlement agreement will be enforced. If, however, there exist ambiguities and undetermined matters which render a settlement agreement impossible to understand and enforce, such an agreement must be set aside." Id. (internal citation omitted).

Defendants cite Miller v. Clay Tp., 124 Pa.Cmwlth. 252, 555 A.2d 972 (1989) as support for their position. However, the outcome in Miller is more akin to what Plaintiff is seeking – a finding that no final settlement was reached:

> We must agree with Appellants' position herein that no final settlement had been reached. There is no evidence in the record that Appellants had agreed to any final placement of the roadway and this was the essence of the dispute between the parties. The letter of September 17, 1987 indicated that the placement of the roadway would be agreed upon by the parties at a future date. The October 27, 1987 order indicated that if the Appellants were dissatisfied with the placement of the roadway they could place the matter back on the trial list. This order further required Appellants if they were satisfied with the roadway to notify the Township in writing. There is no evidence of record that Appellants ever agreed to the placement of the roadway. Clearly, there is no enforceable agreement of settlement because a material term of the agreement--placement of the roadway-- was not agreed upon. Id.

One example of a settlement agreement enforced by the court occurred in a case cited by Defendants (Kristel, Inc. v. Cenveo Corporation, 2017 WL 3842860, at *3 (W.D. Pa. Sept. 1, 2017)). However, this is citation is from a memorandum opinion, which is not precedential and

should not be relied upon by the Court. However, the case it cites, <u>Wilmington Fin., Inc. v. Imperial Mortg. Corp.</u>, No. CIV A 08-1292, 2008 WL 4155682, at *6 (E.D. Pa. Sept. 10, 2008) involved a settlement conference presided over by a magistrate judge, who enforced the items agreed to at the settlement conference, but not other ancillary terms. These facts are distinguishable from the case at bar.

Defendants cite <u>Larsen v. Capital One Bank, N.A.</u>, a case from a district court in Minnesota, as factually similar. Defendants fail to cite <u>any</u> precedential decisions from within the Third Circuit applicable to the facts at issue in the present case. Defendants cite an impressive litany of cases which refer to a requirement that there be a meeting of the minds on the salient details of an agreement; however, they cite zero cases which have precedential weight and which have similar facts. In addition, the timeframe in <u>Larsen</u> involves a lapse of two weeks between when the parties discussed the terms and when a draft settlement agreement was circulated. In the instant litigation, a draft settlement agreement was sent by Plaintiff to Defendant within two days. When it quickly became clear that there was no meeting of the minds, Plaintiff sought ways to move forward with either rescheduling mediation or with the litigation. Defendant instead immediately sought to enforce the putative settlement agreement. These facts go against Defendants' claim that there was a meeting of the minds on all relevant issues.

2. <u>No Ability to Form Binding Legal Agreement Without Express Authority</u>

Only express authority can bind a client to a settlement agreement (<u>Reutzel v. Douglas,</u> 870 A.2d 787, 789-90 (Pa. 2005). The reasoning behind this is that "parties settling legal disputes forfeit substantial legal rights, and such rights should only be forfeited knowingly." Id. "As such, a client's attorney may not settle a case without the client's grant of express authority,

and such express authority can only exist where the principal specifically grants the agent the authority to perform a certain task on the principal's behalf." Id. (quoting Restatement (Second) of Agency § 7 cmt. c (1958)).

In the instant case, the undersigned counsel was given authority to settle on a numerical amount; however, all settlement documents would need to be reviewed and agreed to by the Plaintiff himself prior to settlement.  Perhaps even more importantly, <u>Defendants' counsel would be unable to bind the Defendants to an agreement without the assent of the School Board itself.</u>  The Board meets on Mondays and it would have been impossible for Defendants' counsel to enter into a binding agreement on Wednesday, December 5, 2018, prior to a vote of the School Board.

For these reasons, it is impossible for an enforceable settlement agreement to have existed based solely upon the phone calls and e-mails between counsel for the parties.  There was no express authority to enter into a binding settlement agreement.  For example, the School Board could have rejected the settlement agreement despite the phone calls and e-mails between counsel.

3. <u>PA Right to Know Law Permits Exceptions for Court-Ordered Confidentiality</u>.

While Defendants spend much time detailing the many ways in which parties' efforts to ensure confidentiality despite the Pennsylvania Right to Know Law inevitably fail, they fail to mention that this is not what Plaintiff proposed.  Plaintiff proposed that the parties ask the Court to order that the contents of the settlement agreement would be confidential.  This is permitted under the seminal case of <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772 (3rd Cir., 1994).  In <u>Pansy</u>, the court laid out multiple tests in which the public interest in disclosure would be balanced against a party's right to privacy.  Plaintiff's proposed resolution to the question of

confidentiality would pass the Pansy test; therefore, any arguments by Defendants that confidentiality is barred by the RTKL are a pretext.

## CONCLUSION

While Defendants have written a detailed brief in support of their motion, the motion must fail. They fail to cite any precedential caselaw on point and within this circuit, instead relying on general legal principles and a district court case from another circuit. More importantly, they fail to show that express authority to enter into a final and binding settlement agreement existed. Finally, the parties could enter into a confidential agreement if they so wished, while complying with the RTKL. For all of these reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to enforce and for counsel fees.

Dated this 23rd day of January, 2019.

                                  Respectfully submitted,

                                  */s/ Joshua D. Waterston*
                                  Joshua D. Waterston (Pa. I.D. No. 85346)
                                  josh.waterston@elman.com

                                  Elman Technology Law, P.C.
                                  12 Veterans Square
                                  Media, PA  19063
                                  (610) 892-9942 (telephone)

                                  *Attorney for Plaintiff Dr. Keith Bell*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed via the Court's CM/ECF filing system this 23rd day of January, 2019. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                              *s/ Joshua D. Waterston*
                                              Attorney for Plaintiff