# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH F. BELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 18-399 |
| | ) Judge Nora Barry Fischer |
| MOON AREA SCHOOL DISTRICT and RONALD LEDBETTER, | ) ) ) |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 4th day of March, 2019, upon consideration of Plaintiff Keith F. Bell, Ph.D's Unopposed Motion for Settlement Agreement to be Made Confidential, (Docket No. [49]), his Brief in Support, (Docket No. [50]), and Defendants Moon Area School District and Ronald Ledbetter's Response thereto, (Docket No. [52]),

IT IS HEREBY ORDERED that Plaintiff's Motion [49] is DENIED and this Court expressly declines to enter an order stating that "all terms and conditions of the parties' Settlement Agreement are hereby deemed confidential";

IT IS FURTHER ORDERED that the parties having advised that this matter has settled upon only a contingency that the instant motion be presented to the Court,[1] the Clerk of Court shall mark this case CLOSED.

In so holding, the Court notes that Plaintiff has failed to demonstrate "good cause" for the requested order deeming the parties' settlement agreement confidential. Initially, the parties were free to settle their dispute and voluntarily dismiss this action upon the filing of a stipulation of

---

[1] Specifically, the parties' settlement agreement states that "The Parties agree to jointly request the presiding judge in this matter to enter an order keeping confidential all of the terms and conditions of this Agreement…"

1

dismissal without any intervention of the Court which was not required to approve or review any such settlement or settlement agreement. *See* Fed. R. Civ. P. 41. Indeed, this matter was only brought to the Court's attention because Plaintiff refused to execute a settlement agreement tendered by Defendants which did not contain a confidentiality clause, leading Defendants to file a motion to enforce settlement. (*See* Docket Nos. 39; 40). To the extent that the parties had proceeded to litigate their disputes regarding the motion to enforce, any proceedings thereon would have been held in public court and this Court's decision resolving their disputes would have been made public, with the Court issuing a decision and documenting any facts it deemed necessary to explain its decision including potentially, the amount of their settlement. *See e.g., Carnegie Mellon Univ. v. Marvell Tech. Group., Ltd.*, 2013 WL 1336204, at *11 n. 29 (W.D.Pa. 2013) ("[t]his Court will document any evidence it feels necessary to explain its determination, regardless of the parties' positions on confidentiality.").

In any event, as this Court has already noted, settlements with School Districts and other government entities in Pennsylvania are subject to the Right to Know Law and must be produced upon a written request, stating very clear public policy that such agreements cannot be made confidential. *See e.g., Bryan v. Erie Cty. Office of Children & Youth*, 637 F. App'x 693, 697 (3d Cir. 2016) (quoting *Tribune–Review Pub. Co. v. Westmoreland Cty. Hous. Auth.*, 574 Pa. 661, 833 A.2d 112, 120–21 (2003) ("The Commonwealth of Pennsylvania has made a 'policy determination ... that favors disclosure of public records over the general policy of encouraging settlement.' […] Settlement agreements that involve public entities such as the Erie County Office of Children and Youth are considered public records. Thus, absolute confidentiality provisions in such agreements are unenforceable."); *Doe v. Plum Borough School District*, Civ. A. No. 16-1483, Docket No. 137 (W.D. Pa. Aug. 30, 2017) ("The Court observes that § 67.305 of the [Right to Know Law] creates

a presumption that [settlement agreements] are public records."); *E.B. v. Woodland Hills Sch. Dist.*, Civ. A. No. 10-0442, 2011 WL 705224, at *1 (W.D. Pa. Feb. 20, 2011) (Lancaster, J.) ("the school district, as a public entity, is subject to laws that require public disclosure of certain documents and records. The school district does not have the power or authority to consent to violate those statutes by private agreement. Nor can the school district enter a private agreement promising not to treat a particular record or document as subject to disclosure…"). On the other hand, Plaintiff overstates the purported need for confidentiality of the amount of his settlement with Moon Area School District as other settlements he has achieved have been made public. *See "Rosemont school district to pay author $40,000 for unauthorized sports tweets,"* Pioneer Press, *available at:* https://www.twincities.com/2018/10/03/rosemount-school-district-to-pay-author-40000-for-unauthorized-sports-tweets/ (last visited 3/4/2019). All told, Plaintiff's private interest in keeping his settlement with Moon Area School District confidential is plainly outweighed by the public's right to know the amount that the District (and/or its insurer) paid to settle the case and this Court cannot countenance what amounts to an attempted end around the Right to Know Law. Accordingly, Plaintiff's Motion [49] is denied.

                                                                            s/ *Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.